UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

| | |
|---|---|
| In re: | Case No. 26-31119-jda |
| **Trista Kay Smith,** | Chapter 13 |
| Debtor. ______________________________/ | Hon. Joel D. Applebaum |

**UNITED STATES TRUSTEE'S EX PARTE MOTION FOR STATUS CONFERENCE REGARDING ORDER [DOC. NO. 34] DIRECTING DAVID W. BROWN TO SHOW CAUSE WHY HE HAS NOT PROVIDED A PLAN TO IMPROVE HIS LAW PRACTICE TO ENSURE HIS CHAPTER 13 CLIENTS ARE ADEQUATELY PROTECTED**

Andrew R. Vara, United States Trustee, moves *ex parte* for a status conference regarding the Order [Doc. No. 34] directing David W. Brown to show cause why he has not provided a plan to improve his law practice to ensure his Chapter 13 clients are adequately represented ("the Order"), and in support states as follows:

1. The Court held a status conference regarding the Order on September 2, 2026, where, *inter alia*, the Court raised concerns with progress on Mr. Brown's Response and Agreement [Doc. No. 47] to improve his law practice to ensure his chapter 13 clients are adequately protected. At that hearing, the Court set another conference currently set for September 23, 2026, and instructed Mr. Brown and Attorney George Jacobs to work with the United States Trustee and the Chapter 13 Trustee towards a workable framework for a resolution.

2. At the September 2, 2026 hearing, the United States Trustee again raised concerns – raised previously at the July 29, 2026 similar hearing – that

ongoing problems with Mr. Brown's law practice warranted stronger remedies for protection of the public, including referral of Mr. Brown for disciplinary proceedings under E.D. Mich. L.R. 83.22.

3. While the Court was not ready to entertain remedies under Local Rule 83.22 at the September 2, 2026 hearing, the Court admonished Mr. Brown and advised him that, if either the Court or the United States Trustee received any more communications from Mr. Brown's clients indicating they could not get a hold of him or trying to figure out what was going on with their cases, the Court would likely make a disciplinary referral under Local Rule 83.22.

4. On Tuesday, September 8, 2026, the United States Trustee's Detroit Office main line received a telephone call from an individual named Michael Earley. Mr. Early spoke with Delia Wells, a paralegal in the Detroit office, who relayed Mr. Early's concerns to the attorney assigned to these issues in an email attached as **Exhibit 1** to this ex parte motion.

5. Mr. Early indicates that, similar to at least one prior case the United States Trustee has raised in similar hearings, Mr. Early paid Mr. Brown in full months ago for a bankruptcy case that still has not been filed. Mr. Early further indicates that, as late as September 1, 2026 (the day prior to the last hearing), Mr. Brown spoke with Mr. Early, and indicated his case would be filed. It still has not been filed.

6. The United States Trustee continues to believe that Mr. Brown's ongoing practice of law in the Bankruptcy Court for the Eastern District of Michigan puts people like Mr. Early at risk, and that Mr. Brown's actions and inactions have made very clear that nothing short of a disciplinary referral under E.D. Mich. L.R. 83.22 can protect the public.

**WHEREFORE**, the United States Trustee respectfully requests a scheduling conference, earlier than the one already scheduled on September 23, 2026, regarding the Order [Doc. No. 34] directing David W. Brown to show cause why he has not provided a plan to improve his law practice to ensure his Chapter 13 clients are adequately represented, and for any other relief this Court may deem equitable and reasonable.

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
Regions 3 and 9

By: /s/ Sean M. Cowley
Trial Attorney
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
Sean.Cowley @usdoj.gov
(202) 641-3559
[P72511]

Dated: September 8, 2026

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

| | |
|---|---|
| In re: | Case No. 26-31119-jda |
| **Trista Kay Smith,** | Chapter 13 |
| Debtor. | Hon. Joel D. Applebaum |

______________________________________/

**ORDER SETTING A SCHEDULING CONFERENCE REGARDING THE ORDER [DOC. NO. 34] DIRECTING DAVID W. BROWN TO SHOW CAUSE WHY HE HAS NOT PROVIDED A PLAN TO IMPROVE HIS LAW PRACTICE TO ENSURE HIS CHAPTER 13 CLIENTS ARE ADEQUATELY REPRESENTED**

**THIS MATTER** came before the Court for consideration of the United States Trustee's Ex Parte Motion requesting a scheduling conference regarding the Order [Doc. No. 34] directing David W. Brown to show cause why he has not provided a plan to improve his law practice to ensure his Chapter 13 clients are adequately represented. The Court finds that the relief sought is appropriate, and this Court being otherwise sufficiently advised on the premises, finds good cause to enter this Order.

**NOW, THEREFORE, IT IS ORDERED** that the United States Trustee's Ex Parte Motion (Docket No. ___) is **GRANTED**.

**IT IS FURTHER ORDERED IT IS FURTHER ORDERED** that David W. Brown shall telephonically appear before this Court for a status conference regarding the Order [Doc. 34] directing David W. Brown to show cause why he has not provided a plan to improve his law practice to ensure his Chapter 13 clients are adequately represented [Doc. 34], **on ___________________, at _________ a.m./p.m.** before the Honorable Joel D. Applebaum United States Bankruptcy Judge, 226 W. Second Street, Flint, Michigan 48502. This hearing will be a telephonic hearing. At least five minutes before the scheduled time for the hearing, David W. Brown shall call (202) 503 1666 and use Conference ID 969 654 90#.

**IT IS FURTHER ORDERED** that the United States Trustee shall promptly serve this Order on David W. Brown, attorney George E. Jacobs, and the office of Chapter 13 Trustee Melissa Cauoette.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

| | |
|---|---|
| In re: | Case No. 26-31119-jda |
| **Trista Kay Smith,** | Chapter 13 |
| Debtor. / | Hon. Joel D. Applebaum |

## EXHIBIT LIST

| | |
|---|---|
| **Exhibit 1** | Email from U.S. Trustee Paralegal Delia Wells re: Telephone Complaint by Michael Early |

| | |
|---|---|
| **From:** | Wells, Delia C. (USTP) |
| **To:** | Randel, Paul (USTP); Cowley, Sean (USTP) |
| **Subject:** | Attorney David Brown Complaint (Michael Earley) |
| **Date:** | Tuesday, September 8, 2026 1:35:50 PM |

Good afternoon.

At 12:37pm today I received a call from Michael Earley whose telephone number is (989) 390-0719. Mr. Earley explained that he hired attorney David Brown and he never filed his Chapter 7 bankruptcy. Mr. Earley stated the following:

1. Mr. Earley said that the Bankruptcy Court in Flint told him to call our office to report what has happened relating to Attorney David Brown not filing his Chapter 7 bankruptcy filing.

2. Mr. Earley said that he paid Attorney David Brown $100 in cash to retain him and that Attorney Brown told him that the fee for filing his bankruptcy was $1,338. Mr. Earley said that he borrowed the $1,238 from his daughter who paid by credit card the balance so his bankruptcy could be filed and that was on April 20, 2026, when his daughter paid the balance, $1,238.

3. Mr. Earley said that on Tuesday, September 1, 2026, he talked to Attorney Brown who said he was going to file the bankruptcy.

4. Mr. Earley said that his daughter-in-law who works for Lapeer County courts told him that a lot of complaints were made about Attorney Brown and that he should confirm with the Bankruptcy Court that his bankruptcy was filed by Attorney Brown.

5. Mr. Earley said that when he called the Bankruptcy Court in Flint today, they told him that his bankruptcy was not filed.

6. Mr. Earley said that he was concerned because he heard that the staff that worked for Attorney Brown, they all quit.

7. While on the phone with Mr. Earley, he expressed great concern and had many questions. Mr. Earley questioned what the U.S. Trustee and Bankruptcy Courts could do and are doing about Attorney Brown. Mr. Earley referenced Mr. Brown as taking his funds under false pretenses. Mr. Earley questioned what the Judge was doing about Attorney Brown, how long it has been, and how the Judge has allowed Attorney Brown to do this without doing more.

8. Mr. Earley said that Attorney Brown had given him sixty-seven pages relating to his

bankruptcy and he questioned if he should file his own bankruptcy case.

Delia Wells
Paralegal Specialist
U.S. Department of Justice
Office of the United States Trustee
211 West Fort Street, Suite 700
Detroit, Michigan 48226
Phone (313) 226-6776

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

| | |
|---|---|
| In re: | Case No. 26-31119-jda |
| **Trista Kay Smith,** | Chapter 13 |
| Debtor. | Hon. Joel D. Applebaum |

_______________________________________/

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2026, I electronically filed the documents identified in Paragraph 1 below using the ECF System, which will send notification of such filing to all counsel of record. I further certify that on September 8, 2026, I served copies as follows:

1. Documents Served: *Ex Parte Motion for Status Conference, Proposed Order, Exhibit* and *Certificate of Service.*

2. Served Upon:

Trista Kay Smith
1470 Luxington Drive
Lapeer, MI 48446

George E. Jacobs
Bankruptcy Law Offices
2425 S. Linden Road, Suite C
Flint, MI 48532

Melissa A. Caouette
Chapter 13 Trustee Office Flint
400 N. Saginaw, Suite 331
Flint, MI 48502

3. Method of Service: First Class Mail

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
Regions 3 and 9

By: /s/ Sean M. Cowley
Trial Attorney
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
Sean.Cowley @usdoj.gov
(202) 641-3559
[P72511]

Dated: September 8, 2026